## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-492-FDW

| | |
|---|---|
| HENRY J. STEELE, <br> KEVIN MORGAN, <br> CURTIS HAGGINS, <br><br> Plaintiffs, <br><br> vs. <br><br><br> GERALDINE BENNETT, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on initial review of Plaintiffs' Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A.

### I.     BACKGROUND

Pro se Plaintiffs Henry J. Steele, Kevin Morgan, and Curtis Haggins filed this action on January 30, 2017, pursuant to 42 U.S.C. § 1983. Plaintiffs are all either current or former North Carolina prisoners at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiffs originally filed this action in the Eastern District of North Carolina, and that court transferred the action to this Court on August 16, 2017.[1] Plaintiffs purport to bring this as a class action on

---

[1] Plaintiff Kevin Morgan, who is currently incarcerated at Lumberton Correctional Institution in Lumberton, North Carolina, is proceeding in forma pauperis. See (Doc. No. 28). Plaintiff Curtis Haggins, who is currently incarcerated at Lanesboro Correction Institution, in Polkton, North Carolina, has paid the full $400 filing fee in this action. Plaintiff Steele has moved to proceed in forma pauperis, but the docket reflects that he is no longer incarcerated in the North Carolina Department of Public Safety system, and this Court is not aware of his current address. See (Doc. Nos. 23, 29).

1

behalf of all inmates at Lanesboro. Plaintiffs contend that Lanesboro inmates are subject to deliberate indifference to serious medical needs as a result of wholly insufficient medical care by medical staff at Lanesboro. Plaintiffs seek compensatory damages as well as injunctive and declaratory relief.

## II. STANDARD OF REVIEW

The Court will review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

For the following reasons, the Court will not allow this lawsuit to proceed as a class action, and the Court furthermore will sever this lawsuit into three separate actions. First, to the extent that Plaintiffs purport to bring this case as a class action, Plaintiffs have not established that the four prerequisites to a class action under Rule 23(a), FED. R. CIV. P., i.e., numerosity, typicality, commonality, and adequacy of representation, are met in this case. Furthermore, although each plaintiff may appear on his own behalf, he may not appear as an attorney for other

persons in a class action. <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). Accordingly, certification of this lawsuit as a class action is inappropriate.

Next, as for the fact that this case involves multiple prisoner plaintiffs, Rule 20 of the Federal Rules of Civil Procedure provides that plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. See FED. R. CIV. P. 20. Rule 21 of the Federal Rules of Civil Procedure, however, authorizes the Court to drop parties and to sever claims on just terms. See FED. R. CIV. P. 21. This Court finds that, even if Plaintiffs are properly joined, allowing this action to go forward as it currently stands will simply create too many logistical problems for the Court and the parties. First, Plaintiffs are inmates proceeding pro se, and, although each plaintiff may appear on his own behalf, none may appear as an attorney for the others. <u>Johns v. Cnty. of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all plaintiffs would be required to individually sign any motion or notice filed on behalf of all plaintiffs. Furthermore, because of prison regulations of inmate-to-inmate correspondence, Plaintiffs would have, at most, a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court.

For all these reasons, the Court will sever this action into three cases, with each Plaintiff proceeding individually on his claims. Plaintiff Haggins, who has paid the full $400 filing fee,

3

shall proceed as the sole Plaintiff in this action, and new actions shall be opened for Plaintiffs Steele and Morgan. The Court further finds that each Plaintiff shall have thirty (30) days in which to amend his Complaint to allege the particular facts giving rise to his own individual claim before the Court. The Amended Complaint submitted by each Plaintiff must contain all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Furthermore, once each Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Plaintiffs are hereby placed on notice that if each Plaintiff does not file an Amended Complaint in his own individual action within thirty days of service of this Order, the Court will dismiss the action against each Plaintiff without further notice and without prejudice. Finally, all further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

### IV. CONCLUSION

For the reasons stated herein, this action will be severed into three separate actions, in accordance with the terms of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. This action will be severed into three separate Section 1983 actions, one for each Plaintiff.

2. Plaintiff Haggins, who has paid the $400 filing fee, shall remain the sole Plaintiff in this action, Case No. 3:17cv492.

3. This action will proceed as an individual action by Plaintiff Haggins, and it will not

4

proceed as a class action.

4. The Clerk is hereby instructed to open separate actions for the following Plaintiffs:

    Henry J. Steele, Unknown Address.

    Kevin Morgan, currently incarcerated at Lumberton Correctional Institution.

5. The Clerk shall file, in each separate action, docket entries related to each Plaintiff's IFP status, or payment of the filing fee.

6. The Clerk is further instructed to file the original Complaint in this action as Docket No. 1 in the newly assigned case for Plaintiffs Morgan and Steele. The Clerk of Court shall also file a copy of this Order in each case. As to Plaintiffs Steel and Morgan, the Clerk of Court is also instructed to file each Plaintiff's IFP application and corresponding orders in that Plaintiff's newly assigned case.

7. The Clerk is directed to mail each Plaintiff a new Section 1983 Complaint form for each Plaintiff to file as an Amended Complaint, setting forth his own individual claims.

8. Plaintiffs Haggins, Steele, and Morgan shall each, within thirty (30) days of service of this Order, file an Amended Complaint, in which each Plaintiff shall allege his own individual claims brought under Section 1983. If each Plaintiff fails to file an Amended Complaint within the time limit set forth in this Order, the Court will dismiss the action without prejudice and without further notice to that Plaintiff.

9. As to Plaintiff Steele, whose current address is unknown to this Court, the Clerk shall mail this Order to Plaintiff's last known address as reflected in this Court's docket. If Plaintiff does not contact the Court within thirty (30) days to give the Court his current address, Plaintiff Steele's action will be dismissed without prejudice for

failure to prosecute his action.

Signed: October 5, 2017

Frank D. Whitney
Chief United States District Judge