UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-492-FDW

| | |
|---|---|
| CURTIS HAGGINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)    **ORDER**<br>)<br>GERALDINE BENNETT, et al., )<br>)<br>Defendants. )<br>_____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 33). See 28 U.S.C. §§ 1915(e)(2); 1915A. On September 6, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 28). Thus, Plaintiff is proceeding in forma pauperis.

### I.    BACKGROUND

Pro se Plaintiff Curtis Haggins, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution in Lanesboro, North Carolina, filed this action on January 30, 2017, pursuant to 42 U.S.C. § 1983. He filed his Amended Complaint in accordance with this Court's order on October 24, 2017. (Doc. No. 33). In the Amended Complaint, Plaintiff names as Defendants "Lanesboro Medical Nurses." (Id. at 1). Plaintiff states in the Amended Complaint that unnamed persons have been deliberately indifferent to his serious medical needs in the following manner: "The medical dept at Lanesboro CI failed to fill my prescriptions on high blood pressure. I was running as high as 208/123 they ignored my frequent request for my

1

meds. Out Nov. and Dec. of 2016 and Feb. of 2017." (Id. at 3). As relief, Plaintiff states that he seeks "to be compensated for my health being put in danger of stroke or heart attack plus damage done to my arteries." (Id. at 4).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.   DISCUSSION**

This Court finds that Plaintiff must amend his Complaint or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. In his Amended Complaint, Plaintiff needs to provide more specific allegations—he needs to allege facts with specific dates and persons who allegedly ignored his serious medical needs. That is, Plaintiff has simply named "Lanesboro Medical Nurses" as the Defendants in the Amended Complaint, and he has not specified how many nurses he intended to bring suit against. Plaintiff may amend the Complaint to rename the intended Defendants as John Doe or Jane Doe Defendants, but he must

allege specific allegations as to these particular defendants so that they may be identified in discovery. Otherwise, Plaintiff's action cannot proceed. See Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, at *1 (4th Cir. 2000) (unpublished) ("The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery.").

### IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the Complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. The Clerk is directed to mail Plaintiff a new Section 1983 Complaint form.

Signed: December 5, 2017

Frank D. Whitney
Chief United States District Judge