UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-492-FDW

| CURTIS HAGGINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| GERALDINE BENNETT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 28).

### I. BACKGROUND

Pro se Plaintiff is a North Carolina inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff submitted his Amended Complaint to this Court on December 27, 2017, pursuant to 42 U.S.C. § 1983, naming as Defendants two nurses who worked at Lanesboro Correctional Institution at all relevant times: (1) FNU Tau Tau and (2) FNU Arney.[1] Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs based on Defendants' failure to give Plaintiff his blood pressure medicine from November to December 2016 and then again in February of 2017, which "result[ed] in dangerously high B.P. readings like 208/103." (Doc. No. 1 at 3). Plaintiff

---

[1] Due to a clerical error in this Court, the Amended Complaint was stamp-filed on August 14, 2018.

1

states that he seeks "to be compensated for being put in serious health conditions while out of my medication." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been

2

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

The Court finds that Plaintiff has failed to state a claim for deliberate indifference against Defendants. Although Plaintiff sufficiently alleges that he was suffering from a serious medical

3

need (high blood pressure), he fails to allege any facts showing that Defendants had reason to know that Plaintiff's health would be in substantial danger of serious injury from a delay in blood pressure medication. Moreover, he has not alleged that he suffered any harm caused by that delay. At most, Plaintiff alleges that the failure to receive his blood pressure medication resulted in high blood pressure readings. In sum, Plaintiff's allegations fail to state a claim for an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed for failure to state a claim.
2. The Clerk is directed to terminate this action.

Signed: August 24, 2018

Frank D. Whitney
Chief United States District Judge